**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2002**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

STEPHEN JONES, Executor and
Personal Representative for the Estate
of Wilbur C. Lewis,

      Plaintiff - Appellant,

v.

DAN GLICKMAN, Secretary of the
United States Department of
Agriculture; KEITH KELLY, Deputy
Administrator for Farm Service
Agency; ADRIAN POLANSKY,
Director of the Kansas State FSA
office; ERIC GUNTHER, all in their
official capacity for Farm Service
Agency,

      Defendant - Appellee.

No. 01-3057
(D.C. No. 98-4154-SAC)
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **PORFILIO**, Circuit Judges, and **STAGG**,[**] District
Judge.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Tom Stagg, District Judge, United States District Court for
the Western District of Louisiana, sitting by designation.

The Estate of Wilbur Lewis appeals the district court's grant of summary judgment to defendant Secretary of Agriculture on Mr. Lewis' age discrimination claim, as well as the district court's determination that two adverse decisions of the Farm Services Agency (FSA) in connection with Mr. Lewis' outstanding loans were not arbitrary and capricious under the Administrative Procedures Act (APA). We affirm.

In 1978, Mr. Lewis, now deceased, received a loan in the amount of $447,000 from the FSA's emergency farm loan program to keep his Kansas farm in operation. Pursuant to the terms of his note, Mr. Lewis was obligated to make an annual payment of $37,490 for 39 years. He did not make a voluntary payment on the debt after 1982.

In 1988, Mr. Lewis applied to the FSA for a restructuring of his loan, which was denied in 1989 due to the inability of his farm operation to maintain a sufficient cashflow. Mr. Lewis appealed that decision, which was overturned in April 1990. At that time, the hearing officer ordered that a new appraisal be completed. Due to numerous delays by the Agency, most of which the district court found inexcusable, the FSA did not notify Mr. Lewis until September 3, 1996, that it was denying his restructuring application due to his lack of good faith and failure to provide information, and that it was accelerating his debt,

which amounted by then to $509,793.19.

Mr. Lewis appealed that decision and was accorded a full administrative hearing on the lack of good faith issue. The hearing officer found that Mr. Lewis had not acted in good faith and that the restructuring was properly denied. The Director upheld the hearing officer's decision in March 1997.

On August 11, 1997, the FSA sent Mr. Lewis a notice of its intent to exercise an administrative offset to government payments Mr. Lewis would have otherwise received. The offset was upheld by the National Appeals Division hearing officer on February 19, 1998, and by the Director in May 1998.

On March 2, 1998, Mr. Lewis filed a complaint with the Department of Agriculture's Office of Civil Rights pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a), claiming the FSA discriminated against him on the basis of age in the manner in which it processed or failed to process his loan application. After an investigation, the Office held there was no evidence of age discrimination.

Mr. Lewis filed this action in district court raising the age discrimination claim and appealing the administrative decisions regarding both the refusal to restructure his loan and the offset. In an exceedingly thorough 46-page opinion, the district court addressed each of these claims and found against Mr. Lewis.

With respect to the age discrimination claims, the district court held they

were barred by Mr. Lewis' failure to file his administrative claims within 180 days from the date of the alleged discrimination as required by the relevant regulation, 7 C.F.R. § 15.6. The court determined that Mr. Lewis' age discrimination claim accrued, at the latest, by September 3, 1996, with respect to the FSA's decisions to deny loan restructuring and to accelerate Mr. Lewis' loan payments, and by August 11, 1997, with respect to the administrative offset. On each of these respective dates, Mr. Lewis was informed of the Agency's intent to proceed against him. Notwithstanding Mr. Lewis' assertion on appeal that the discrimination continued after these dates, we are convinced the district court correctly held any discrimination claims accrued when Mr. Lewis was informed of the intended adverse actions. Consequently, Mr. Lewis' administrative complaint was untimely when it was filed on March 2, 1998, more than 180 days after the last relevant event.

With respect to Mr. Lewis' appeals of the administrative decisions, the district court's determination was controlled, as is ours, by the narrow standard of review. We must review the agency's decisions regarding offset and loan restructuring under the very deferential standard of review set forth in the APA: We may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We may not overturn an agency

decision if the agency "demonstrate[s] that it considered relevant factors and alternatives after a full ventilation of issues and that the choice it made was reasonable based on that consideration." *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1453 (10th Cir. 1994). With respect to procedural errors, we may not overturn the Agency's substantive determinations unless the plaintiff was prejudiced by the procedural errors.

We have thoroughly reviewed the entire record in light of Mr. Lewis' arguments and we are not persuaded the Agency's substantive determinations were arbitrary and capricious, nor that its procedural errors were prejudicial. The district court carefully considered each of Mr. Lewis' contentions, and we agree with that court's conclusions. The numerous delays and other procedural defaults by the agency, detailed by the district court, are inexplicable and unfortunate. Nevertheless, they do not make Mr. Lewis' loan any less due or his failure to make *any* voluntary payments since 1982 excusable. We agree with the district court's determinations both with respect to the lack of material prejudice resulting from the Agency's procedural defaults, and with respect to the agency's determination that Mr. Lewis lacked good faith in failing to meet his loan obligations. Like the district court, we cannot say the agency's determinations were arbitrary and capricious.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge